1  DARIN W. SNYDER (S.B. #136003)
   dsnyder@omm.com
2  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
3  San Francisco, CA  94111-3823
   Telephone:    (415) 984-8700
4  Facsimile:    (415) 984-8701

5  MELODY DRUMMOND HANSEN (S.B. # 278786)
   mdrummondhansen@omm.com
6  O'MELVENY & MYERS LLP
   2765 Sand Hill Road
7  Menlo Park, CA  94025-7019
   Telephone:    (650) 473-2600
8  Facsimile:    (650) 473-2601

9  CAMERON W. WESTIN (S.B. #  290999)
   cwestin@omm.com
10 O'MELVENY & MYERS LLP
   610 Newport Center Drive, 17th Floor
11 Newport Beach, CA  92660-6429
   Telephone:    (949) 823-6900
12 Facsimile:    (949) 823-6994

Attorneys for Plaintiff
Hulu LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| HULU LLC, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| ROVI CORPORATION, ROVI GUIDES, INC., and TIVO CORPORATION, | |
| Defendants. | |

**REDACTED VERSION**

1    Plaintiff Hulu LLC ("Hulu") brings this action for declaratory judgment of patent
2  noninfringement and for breach of contract and breach of the implied covenant of good faith and
3  fair dealing against Defendants Rovi Corporation and Rovi Guides, Inc. (together, "Rovi") and
4  TiVo Corporation ("TiVo") (altogether, the "TiVo Defendants"), and alleges as follows:

## INTRODUCTION

6    1.    After years of negotiations during which Hulu consistently denied infringing any Rovi patents, Rovi sued Hulu alleging infringement of three Rovi patents in July 2011. Hulu was never found liable for any infringement, but to avoid spending time and resources in an expensive litigation, Hulu entered into a settlement and license agreement with Rovi (now rebranded as TiVo) in 2013. Hulu has honored that agreement and has been a paying partner for four years. Since the parties signed that agreement, circumstances have changed such that Hulu doubts the applicability of the TiVo Defendants' patents to Hulu, the validity of patents, and the market value of a license to the portfolio. Of the three patents that were asserted against Hulu in the earlier litigation, one of the patents has expired, another was held invalid as unpatentable, and the final patent was alleged by Rovi to be infringed by a service that Hulu no longer offers.

16    2.    The TiVo Defendants, however, have not recognized that circumstances have changed, and on March 14, 2017, sent Hulu a "Notice of Expiration," stating that it is "necessary that Hulu renew its license" because Hulu now is unlicensed and "the circumstances which required Hulu to be licensed" at the time of the parties' previous agreement "continue to exist today." Other than the three patents asserted in the prior litigation, the TiVo Defendants have not identified any other patents that they believe Hulu infringes.

22    3.    The TiVo Defendants continue to assert that Hulu must renew its license, even though the TiVo Defendants have breached their own obligations under the parties' license agreement. For example, the TiVo Defendants violated their promises and good faith obligations to ██████████████████████████████████████████████████████████████████
██████████████████████████████████████. Despite these obligations, the TiVo Defendants widely publicized their licenses to Hulu's competitors of third-party patents ████████████
████████████████████████████

1  4. TiVo's failure to recognize the drastic change in circumstances and its apparent
2  breach of the parties' prior agreement has left Hulu with no choice but to seek relief from this
3  Court.
4  5. Hulu therefore requests a judgment that it does not infringe any claim of the '775
5  Patent (previously asserted against Hulu) and seeks relief for the TiVo Defendants' breaches of
6  the parties' patent license agreement.

## NATURE OF THE ACTION

8  6. This is a declaratory-judgment action under 28 U.S.C. §§ 2201 and 2202 seeking a
9  determination that Hulu does not infringe any valid claim of U.S. Patent No. 7,769,775 ("the '775
10  Patent") under the patent laws, including 35 U.S.C. § 271, as well as an action for breach of
11  contract and breach of the implied covenant of good faith and fair dealing under California law.

## PARTIES

13  7. Hulu is a corporation organized and existing under the laws of the State of
14  Delaware with its principal place of business at 2500 Broadway, 2nd Floor, Santa Monica,
15  California  90404.
16  8. Defendant Rovi Corporation is a corporation organized and existing under the laws
17  of Delaware with a principal place of business at 2 Circle Star Way, San Carlos, California
18  94070, previously at 2830 De La Cruz Boulevard, Santa Clara, California  95050.  On
19  information and belief, Rovi is a wholly-owned subsidiary of TiVo Corporation.
20  9. Defendant Rovi Guides, Inc. is a corporation organized and existing under the
21  laws of Delaware with a principal place of business at 2 Circle Star Way, San Carlos, California
22  94070, previously at 2830 De la Cruz Boulevard, Santa Clara, California  95050.  On information
23  and belief, Rovi Guides is a wholly-owned subsidiary of Rovi Corporation, and in turn a wholly-
24  owned subsidiary of TiVo Corporation.
25  10. Defendant TiVo Corporation is a corporation organized and existing under the
26  laws of Delaware with a principal place of business at 2 Circle Star Way, San Carlos, California
27  94070, previously headquartered at 2160 Gold Street, San Jose, California 95002.
28

**JURISDICTIONAL STATEMENT**

11. The Court has subject-matter jurisdiction over Hulu's declaratory judgment action for patent non-infringement under 28 U.S.C. §§ 1331 and 1338(a), because the claim arises under the patent laws of the United States, Title 35, United States Code, Section 100 *et seq*. The Court also has jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, because, as described in this complaint, a substantial controversy exists between Hulu and the TiVo Defendants regarding non-infringement of the '775 Patent that is of sufficient immediacy to merit issuance of declaratory judgment to resolve the parties' disputes.

12. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the breach of contract and implied covenant of good faith claims asserted in this action, which arise under the laws of the State of California, because all claims asserted herein are based on a common nucleus of operative facts.

13. This Court has personal jurisdiction over Defendants Rovi Corporation, Rovi Guides, Inc., and TiVo Corporation, all of which have continuous and systematic business contacts with California. Defendants' principal places of business are in San Carlos, California, and have been Santa Clara, California and in San Jose, California, respectfully, during periods relevant to this action. ███████████████████████████████████████████████

███████████████████████████████████████████████

███████████. Rovi Corporation and Rovi Guides are now part of TiVo Corporation.

14. Venue is proper in this District under at least 28 U.S.C. §§ 1391(b) and (c), and under the parties' agreement.

**INTRADISTRICT ASSIGNMENT**

15. Under Civil Local Rule 3-2 (e), the action is properly assigned to the San Jose Division, including because Rovi Corporation, Rovi Guides, and TiVo Corporation each have been located in Santa Clara County or San Jose County, and upon information and belief performed substantial acts and omissions in those counties that give rise to this action, and because ██████████

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

## FACTUAL BACKGROUND

16. Hulu's consumer offerings provide millions of U.S. paying subscribers with instant access to original series and films, live streams and special events, and a premium library of television and movie offerings. Hulu's streaming services transmit on-demand video programming over an internet connection—as opposed to a traditional cable or satellite connection—a type of service sometimes referred to as over-the-top ("OTT"). Hulu previously offered a free streaming service (sometimes referred to as Hulu Classic) alongside a subscription-based service with fewer ads and broader offerings (referred to as Hulu Plus). In August 2016, Hulu phased out of its free, non-subscription streaming service and moved to a subscription-only model. In 2017, Hulu also released its previously announced live service, expanding its live streaming and special event services to include news, entertainment, and sports from networks and studios including 21st Century Fox, The Walt Disney Company, NBCUniversal, CBS Corporation, Turner Networks, A+E Networks and Scripps Networks Interactive.

17. For over a decade, Rovi has focused its business on patent licensing and asserting patents in litigation. In September 2016, Rovi re-branded itself as TiVo after a merger and acquisition.

18. Rovi (then known as Macrovision) first approached Hulu in August 2008 suggesting that Hulu should take a license to Rovi's patents. Hulu informed Rovi that it did not need a license. The parties continued discussions between 2008 and 2011 but failed to reach an agreement regarding any license.

19. On July 28, 2011, Rovi Corporation, Rovi Guides, Inc., Rovi Technologies Corporation, Gemstar Development Corporation, and United Video Properties, Inc. filed suit against Hulu in the District of Delaware (*Rovi Corp. et al. v. Hulu, LLC*, Case No. 1:11-cv-665 (RGA)), asserting that Hulu infringed three patents: the '775 Patent, and U.S. Patent Nos. 6,396,546, and 7,103,906. The case was transferred to the Central District of California (*Rovi Techs. Corp., et. al. v. Hulu, LLC*, Case No. 2:12-cv-04756-MRP (CW)) ("*Rovi v. Hulu*"). At the time of that lawsuit, Gemstar Development Corporation was the assignee of the '775 Patent,

1  United Video Properties, Inc. was the assignee of the '546 Patent, and Rovi Technologies
2  Corporation was the assignee of the '906 Patent.[1]  A true and correct copy of the '775 Patent at
3  issue here is attached as Exhibit A.
4       20.    To end the financial burden presented by the ongoing litigation, on February 22,
5  2013, Hulu agreed to a settlement, the parties entered into a Patent License Agreement, and all
6  claims in *Rovi v. Hulu* were dismissed with prejudice.  A true and correct copy of the Patent
7  License Agreement (without the referenced schedule) is attached as Exhibit B.
8       21.    On November 25, 2014, following dismissal of the lawsuit, the '775 Patent was
9  assigned by Gemstar Development Corporation to Rovi Guides, Inc., which is listed with U.S.
10 Patent and Trademark Office as the current assignee.
11      22.    The Patent License Agreement granted Hulu a license to ▓▓▓▓▓▓▓▓
12 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
14 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  *See* Ex. B at § 1.1 ("Rovi Patents").  As part of the
15 consideration for the Patent License Agreement, the Agreement permitted Rovi to ▓▓▓▓
16 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, but it specifically
17 forbade Rovi from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
18 ▓▓▓▓▓▓▓.  Ex. B at § 10.5.
19      23.    Hulu has substantially met its obligations under the Patent License Agreement and
20 has been a paying partner of the TiVo Defendants for four years.
21      24.    The TiVo Defendants, however, have not honored their promises and have acted in
22 bad faith with respect to Hulu.  For example, on February 1, 2016, during the term of the Patent
23 License Agreement, Rovi obtained the right to license Intellectual Ventures' ("IV's") OTT
24 patents to third parties as an "exclusive licensing partner" with IV.  The TiVo Defendants
25 publicly offered licenses to IV's patents and announced that they have licensed those patents to
26 third parties, including to Hulu's competitors, such as Netflix, HBO, and Roku.  The TiVo
27
28 [1] On November 13, 2012, the parties stipulated to the dismissal of Rovi Corporation and Rovi Guides, Inc. as they were not, at the time, assignees of any of the patents.

1  Defendants have licensed these IV patents alongside the TiVo Defendants' patents, with IV's and
2  the TiVo Defendants' patents sometimes publicly referred to as a "combined" patent portfolio
3  available for licensing. █████████████████████████████████████████████████████
4  ████████████████████████████████.
5      25.    As another example, the TiVo Defendants ███████████████████████
6  ████████████████████████████████████████████████████████████████████████████
7  ████████████████, in violation of the Patent License Agreement.
8      26.    The initial term of the Patent License Agreement expired ████████████
9  ████████████████████████████████████████████████████████████████████████████.
10 *See* Ex. B at § 3.1.  Even before the Patent License Agreement expired, Hulu engaged in good
11 faith negotiations with the TiVo Defendants.  Since expiration, the TiVo Defendants have
12 threatened Hulu, including sending a letter with the subject-line "Notice of Expiration of Patent
13 License Agreement," insisting that it is "necessary" for Hulu to renew its license.  The TiVo
14 Defendants further asserted that "Hulu's business has not substantially changed" since it entered
15 the Patent License Agreement and that "the circumstances which required Hulu to be licensed
16 under the Agreement continue to exist today."  But of the three patents asserted against Hulu at
17 the time of the parties' agreement, the '546 Patent expired in 2014, the '906 Patent was held
18 invalid in 2015 as directed to patent-ineligible subject matter (alongside four other Rovi patents
19 asserted against streaming video services),[2] and Hulu's current product offerings are
20 fundamentally different from those that Rovi alleged infringed the '775 Patent and from the
21 technology claimed in the '775 Patent.
22     27.    The '775 Patent purported to solve problems related to searching across websites
23 on the Internet for graphic and video content in the late 1990s.  The patent criticized then-existing
24 Internet search engines as inadequate to search for graphic and video content because there
25 allegedly was no way of acquiring searchable file information (such as a description of a video's
26 content, author, director, year made, category, actors/actresses, format, size, and playtime)

---

[2] *Netflix v. Rovi Corp. et al.,* Case No. 11-cv-6591, Dkt. No. 171 (N.D. Cal. July 15, 2015) (Order Granting Summary Judgment), *aff'd*, *Netflix v. Rovi Corp. et al.,* Case No. 2015-1917, Dkt. No. 72 (Fed. Cir. Nov. 7, 2016).

1   *without* input from the content provider.  *See* Ex. A, '775 Patent, 2:3-13; *Rovi v. Hulu*, 2:12-cv-
2   04756-MRP-CW, Dkt No. 132 at 10, 28.  The '775 Patent proposed "automatically" generating
3   identifiers for video and graphic files by crawling publicly available information on the Internet
4   such as text around a link for a video.  *See id.,* '775 Patent at 5:47-64; *Rovi v. Hulu*, 2:12-cv-
5   04756-MRP-CW, Dkt No. 132 at 28-29 (citing Rovi's counsel).

6   28.   The '775 Patent also purported to solve problems with then-existing Internet
7   search engines related to determining whether graphic or video files require authorization to
8   access them or do not have access restrictions.  The '775 Patent claims require automatically
9   acquiring information regarding whether graphic or videos require authorization to access them.
10  In previous litigation, Rovi argued that this too could be achieved by crawling publicly available
11  information on the Internet, such as finding a "log in" button or determining that a link was
12  provided on a secure site.  *See Rovi v. Hulu*, 2:12-cv-04756-MRP-CW, Dkt No. 132 at 28-29
13  (citing Rovi's counsel).

14  29.   Hulu's current product offering is completely different from the system and
15  method claimed by the '775 Patent, and Hulu does not face the problems that the '775 Patent
16  purported to solve.  Hulu does not need to search the Internet for videos, and then automatically
17  crawl the Internet to search for information about the videos Hulu provides, because Hulu's
18  system does not search the Internet for its video content, and Hulu's system only works by
19  obtaining input *from* content providers.  For example, content providers provide both the video
20  content and searchable metadata about the video content to Hulu.  The searchable metadata may
21  contain content descriptions (*e.g.,* video titles, series, ratings) and other information such as start
22  and stop times, format and size of the videos.  Content providers can update this information via a
23  portal.  In fact, Rovi's previous allegations acknowledged that "content providers or other sources
24  provide Hulu with metadata about each program," which Rovi alleged met the limitation of
25  "automatically acquir[ing]" searchable file information concerning videos in Hulu's library.  *See*
26  *Rovi v. Hulu,* 2:12-cv-04756-MRP-CW, Dkt. No. 29 (Second Amended and Supplemental
27  Complaint for Patent Infringement) ¶ 60.  Hulu—even according to TiVo—therefore does not
28  "automatically acquir[e]" searchable file information *without* input from content providers.

30. Hulu's product is also different from the system and method claimed by the '775 Patent because it is not possible to use Hulu without authorization, such as a subscription. All of the claims of the '775 Patent require "providing access to graphic and video files associated with the matching identifiers that do not require authorization to access." Ex. A, '775 Patent, 8:25-27; 9:42-44. But Hulu's users must have authorization (*e.g.,* a username and password) to access videos as part of their Hulu subscription. Rovi's previous assertions confirm the importance to its infringement allegations of Hulu offering **both** free and subscription services: Rovi previously accused Hulu of infringing the '775 Patent claims based on a combination of Hulu's free, non-subscription service (Hulu Classic) and Hulu's subscription service (Hulu Plus). Rovi accused Hulu Classic of meeting limitations related to providing access to graphic and video files associated with identifiers that *do not* require authorization to access, and it accused Hulu Plus of meeting limitations regarding files associated with identifiers that *do* require authorization and payment. Hulu no longer offers Hulu Classic, and thus even if Rovi's prior allegations were taken to be true, they could not support infringement by Hulu. The TiVo Defendants have not identified any other basis to accuse Hulu of infringing the '775 Patent, or any other patents it believes are relevant to Hulu's business.

31. TiVo's March 2017 letter referenced a "good faith negotiation period" after which TiVo could sue Hulu. That period came to an end on May 22, 2017 with no agreement reached. In addition to the previous suit against Hulu and TiVo's recent threatening letter, the TiVo Defendants and other Rovi and TiVo entities have been actively asserting patent infringement in litigation and in licensing patent portfolios, including in litigation and licensing efforts involving Comcast, Netflix, HBO, and Roku.

32. The TiVo Defendants continue to assert that Hulu requires a license while denying Hulu's rights under the Patent License Agreement. A substantial controversy therefore exists between Hulu and the TiVo Defendants, involving adverse legal interests regarding the alleged infringement of the '775 Patent, and this controversy is of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

33. Hulu therefore brings this action for a declaratory judgment that it does not

1 infringe any valid claim of the '775 Patent and to enforce the terms and good faith obligations of
2 the Patent License Agreement that the TiVo Defendants have breached.

### FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '775 Patent)

34. Hulu repeats and re-alleges each and every allegation of paragraphs 1 through 33 above, and incorporates them by reference as if fully set forth herein.

35. An actual controversy exists between Hulu and the TiVo Defendants regarding whether Hulu infringes the '775 Patent, as the TiVo Defendants contend, or does not infringe, as Hulu contends, including based on prior litigation against Hulu targeting Hulu's streaming services, expiration of the parties' Patent License Agreement, TiVo's recent threatening letter, and the TiVo Defendants' recent litigation and licensing tactics with others.

36. Because all the claims of the '775 Patent, as previously construed, require "automatically" acquiring searchable file information *without* input from the content provider, Hulu does not infringe the claims. Additionally, because all of the claims require providing "access to graphic and video files associated with the matching identifiers that do not require authorization to access," and Hulu no longer offers the free, non-subscription service, Hulu does not infringe the claims.

37. These examples of why Hulu does not infringe the '775 Patent demonstrate an actual and justiciable controversy exists between Hulu and TiVo regarding non-infringement of the '775 Patent, and Hulu has not and does directly or indirectly infringe any claim of the '775 Patent either literally or under the doctrine of equivalents. Hulu therefore seeks a declaratory judgment that Hulu does not infringe any valid claim of the '775 Patent.

### SECOND CLAIM FOR RELIEF

### (Breach of the Patent License Agreement)

38. Hulu repeats and re-alleges each and every allegation of paragraphs 1 through 37 above, and incorporates them by reference as if fully set forth herein.

39. Rovi and Hulu entered into the Patent License Agreement on February 22, 2013. Ex. B.

40. Hulu paid licensing fees in accordance with the Patent License Agreement and has otherwise performed all its material obligations under the Patent License Agreement, other than any obligations that Hulu was prevented or excused from performing.

41. Rovi (now re-branded as TiVo) was contractually obligated under the Patent License Agreement to ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████. See Ex. B, § 1.1. The TiVo Defendants breached their obligations because they ██████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████. It would also constitute a breach of obligations under the Agreement for the TiVo Defendants to ███████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ██████████ See Ex. B at §§ 1.1, 6.4.

42. The harm to Hulu ████████████████████████████████████ ██████████ is ongoing. ███████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████ It also subjects Hulu to harm and uncertainty for Hulu's acts after the initial Agreement term. For example, Hulu ████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████.

43. As another example, the TiVo Defendants breached obligations under Section 10.5 of the Patent License Agreement ███████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████.

44. As a result of the TiVo Defendants' breaches of the Patent License Agreement, Hulu has sustained and continues to sustain damages to its business, property, and goodwill, in an amount to be proven at trial. Moreover, Hulu has suffered harm that is not adequately remedied at law, including ███████████████████████████████████. Hulu is entitled to relief, including damages, specific performance, other injunctive relief, and all other appropriate relief.

## THIRD CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

45. Hulu repeats and re-alleges each and every allegation of paragraphs 1 through 44 above, and incorporates them by reference as if fully set forth herein.

46. In addition to any contractual breaches, the TiVo Defendants also have breached the covenant of good faith and fair dealing, implied by law in every contract to prevent one party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made.

47. Hulu and Rovi (now re-branded as TiVo) entered into the Patent License Agreement, and Hulu performed all or substantially all of the obligations that the contract required Hulu to perform except any that Hulu was excused from performing. The conditions for the TiVo Defendants' performance have occurred. For example, ███████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████. Whether or not the TiVo Defendants' failures ██████████ also constitute breaches of contract terms, the TiVo Defendants have failed or refused to discharge contractual responsibilities that unfairly frustrate the agreed common purposes and disappoint the reasonable

expectations of Hulu, thereby depriving Hulu of the benefits of the agreement. The TiVo Defendants' failure was prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act to deprive Hulu of rights under the Agreement. For example, the TiVo Defendants ███████████████████████████████████████ ███████████████████████████████████████. The implied covenant of good faith and fair dealing required the TiVo Defendants to make expected efforts to accomplish the purpose of the Agreement, including at a minimum ███████████████████████████████████████ ████████.

48. The harm to Hulu, moreover, ███████████████████████████████████████ ██████████, is ongoing. ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████. It also subjects Hulu to harm and uncertainty for Hulu's acts after the initial Agreement term. For example, Hulu ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ████████████.

49. As a result of the TiVo Defendants' breaches of the implied covenant of good faith and fair dealing, Hulu has sustained and continues to sustain damages to its business, property, and goodwill, in an amount to be proven at trial. Moreover, Hulu has suffered harm that is not adequately remedied at law, including ███████████████████████████████████████. Hulu is entitled to relief, including damages, specific performance, other injunctive relief, and all other appropriate relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Hulu hereby requests that this Court:

(a) Enter judgment declaring that Hulu has not infringed, and is not infringing, any valid claim of the '775 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents;

1       (b)     Enter judgment declaring that the TiVo Defendants are in breach of one or more sections of the Patent License Agreement;

      (c)     Enter judgment declaring that the TiVo Defendants are in breach of the implied covenant of good faith and fair dealing in unfairly frustrating the purpose of the Patent License Agreement;

      (d)     Order the TiVo Defendants to ███████████████████████████████████████ in accordance with obligations under the Patent License Agreement, including obligations under the implied covenant of good faith and fair dealing;

      (e)     Enjoin ████████████████████████████████████████████████████████, in accordance with the Patent License Agreement;

      (f)     Enter judgment that this is an exceptional case under 35 U.S.C. § 285;

      (g)     Award Hulu its fees and costs, including attorney's fees, in connection with this action; and

      (h)     Award Hulu such other and further relief as the Court deems proper.

Dated: May 23, 2017

DARIN W. SNYDER
MELODY DRUMMOND HANSEN
CAMERON WESTIN
O'MELVENY & MYERS LLP

By: */s/ Darin W. Snyder*
        Darin W. Snyder
        of O'Melveny & Myers LLP

Attorneys for Plaintiff
Hulu LLC

# **JURY DEMAND**

Hulu respectfully requests a jury trial on all issues triable thereby.

Dated: May 23, 2017

DARIN W. SNYDER
MELODY DRUMMOND HANSEN
CAMERON WESTIN
O'MELVENY & MYERS LLP


By: /s/ *Darin W. Snyder*
　　Darin W. Snyder
　of O'Melveny & Myers LLP

Attorneys for Plaintiff
Hulu LLC