UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HULU LLC, <br>         Plaintiff, <br>     v. <br> ROVI CORPORATION, et al., <br>         Defendants. | Case No. 17-cv-02942-JD <br><br> **ORDER DENYING MOTION TO DISMISS** <br> Re: Dkt. No. 29 |

In this declaratory judgment action for non-infringement of a patent, defendants have filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 29. The Court finds the motion to be suitable for decision without oral argument under Civil Local Rule 7-1(b), and denies it.

## DISCUSSION

### I. CASE OR CONTROVERSY FOR DECLARATORY JUDGMENT

Plaintiff Hulu's first claim for relief is alleged under the Declaratory Judgment Act, 28 U.S.C. § 2201. Dkt. No. 1 ¶¶ 6, 34-37. Hulu asks the Court to declare that it does not infringe any valid claim of U.S. Patent No. 7,769, 775 ("the '775 patent"). *Id*.

The defendants in this case are Rovi Corporation, Rovi Guides, Inc. and TiVo Corporation. Their main argument for dismissal of Hulu's first claim is that the Court lacks jurisdiction to hear it for lack of a case or controversy under the Declaratory Judgment Act or Article III of the United States Constitution. *See* Dkt. No. 29 at 5. This is a unitary standard because the "actual controversy" requirement in the Declaratory Judgment Act, 28 U.S.C. § 2201(a), simply "reflect[s]" the case and controversy limitation of federal courts' jurisdiction in Article III of the Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 120-21 (2007).

United States District Court
Northern District of California

The gravamen of defendants' jurisdictional objection is that they did not make "any specific threat of litigation regarding the '775 Patent" to Hulu. *See*, *e.g.*, Dkt. No. 41 at 2. That argument is not well taken. The determinative inquiry is not whether the declaratory judgment plaintiff faced a reasonable threat of imminent suit. *See Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 900-01 (Fed. Cir. 2008). Rather, the controlling test directs the Court to consider "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127 (internal citations and quotations omitted).

The circumstances here establish that there is a justiciable controversy. Defendants do not dispute that in July 2011, Rovi Corporation and Rovi Guide, Inc. (along with other associated entities) filed suit against Hulu asserting that Hulu infringed three patents: the '775 patent and two others. Dkt. No. 1 ¶ 19. In February 2013, the parties settled that lawsuit, and as part of the settlement, entered into a patent license agreement. *Id*. ¶ 20; *see also* Dkt. No. 5-5, § 9 (providing for dismissal of infringement action upon execution of the license agreement).[1] Of the three patents that were at issue in the litigation that led to the license agreement, only the '775 patent currently remains valid and unexpired. Dkt. No. 1 ¶ 26. On February 21, 2017, the initial term of the patent license agreement came to an end. *Id*. On March 14, 2017, defendants (on TiVo letterhead) sent Hulu a letter reminding Hulu that the agreement had expired on February 21, 2017, and stating that Hulu "has been unlicensed since such date." Dkt. No. 32-2, Ex. A. The letter further stated: "Given that Hulu's business has not substantially changed since entering into the Agreement, the circumstances which required Hulu to be licensed under the Agreement continue to exist today, and accordingly, it is necessary that Hulu renew its license." *Id*. The letter went on to state that the 90-day good faith negotiation period set forth in Section 6.4 of the patent license agreement had commenced on February 22, 2017. That section of the license

---

[1] The parties' requests to seal this and other documents, Dkt. Nos. 5, 28, 31 and 40, are granted except that the Court finds the March 14, 2017, notice of expiration letter is not sealable under Local Rule 79-5.

2

agreement provides that the 90-day negotiation period is triggered when there is a "dispute, claim, or controversy between the parties concerning patent infringement." Dkt. No. 5-5, § 6.4. On top of these facts, defendants acknowledge that they are highly active in their patent litigation activities including with Hulu's competitors, and the "Rovi defendants have previously been adverse to Roku and Netflix in patent litigations, and currently are in litigation with Comcast, ARRIS and Technicolor." Dkt. No. 29 at 6-7.

This is more than enough to find a live case and controversy between the parties. In *MedImmune* itself, where the Supreme Court found declaratory judgment jurisdiction to exist, respondent Genentech had delivered to MedImmune "a letter expressing its belief that Synagis was covered by the Cabilly II patent and its expectation that petitioner would pay royalties . . . ." 549 U.S. at 121-22. Similarly, in *Micron Technology*, the Federal Circuit found the combination of threatening letters to plaintiff and defendants' "aggressive litigation strategy" to be sufficient to support jurisdiction. 518 F.3d at 901-02. In *Hewlett-Packard v. Acceleron LLC*, 587 F.3d 1358, 1361-63 (Fed. Cir. 2009), the Federal Circuit observed that *MedImmune* "certainly" lowered the bar for determining declaratory judgment jurisdiction "in the licensor-licensee context," and that such jurisdiction "cannot be defeated simply by the stratagem of a correspondence that avoids the magic words such as 'litigation' or 'infringement.'" And in *ABB Inc.v. Cooper Industries, LLC*, 635 F.3d 1345, 1347-49 (Fed. Cir. 2011), the Federal Circuit found "warning letters" similar to the one here to be sufficient, and re-affirmed that "a specific threat of infringement litigation by the patentee is not required to establish jurisdiction."

No single fact in the record drives the finding of jurisdiction, and the Court does not suggest that any one fact would have been sufficient by itself for that finding. Jurisdiction exists because the totality of "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127. The Court further concludes that it is appropriate to exercise jurisdiction in this case as a matter of discretion. *See Micron Tech.*, 518 F.3d at 902 (discretionary declination of jurisdiction "rarely proper" where hearing case would serve the objectives for which the Declaratory Judgment Act

3

was created). The Court consequently denies defendants' request that the Court dismiss Hulu's declaratory judgment claim for lack of subject matter jurisdiction.

## II. REMAINING ARGUMENTS FOR DISMISSAL

The jurisdiction determination informs the conclusion that defendants' other, more subsidiary arguments must also be denied at this stage. Defendants argue that TiVo Corporation is not properly named as a defendant here for any of plaintiff's claims. Dkt. No. 29 at 3-4. The Court has some doubts about the propriety of this argument as a 12(b)(1) argument, but in any event overrules it at this stage. Defendants' March 14, 2017, warning letter to Hulu was written on TiVo letterhead, and Section 10.2 of the patent license agreement provides that it will be binding upon the parties' "successors." Defendants acknowledge that Rovi Corporation is now a wholly owned subsidiary of TiVo Corporation. Dkt. No. 29 at 2. Whether TiVo may get out of this case at a later stage is of course an open question, but for now the Court finds there is enough to deny its request for dismissal.

Defendants further request that the Court "decline to entertain Hulu's state law [contract] claims subsequent to the dismissal of Hulu's declaratory judgment claim," Dkt. No. 29 at 9, but for obvious reasons that argument is now moot and the Court rejects it.

## CONCLUSION

The motion to dismiss is denied. The case management conference will take place as scheduled on **August 24, 2017.**

**IT IS SO ORDERED.**

Dated: August 16, 2017

JAMES DONATO
United States District Judge

4